IN THE UNITED STATES DISTRICT COURT
           FOR THE NORTHERN DISTRICT OF ILLINOIS
                      EASTERN DIVISION

Catherine Grimes,              )
                               )
           Plaintiff,          )
                               )
      v.                       )    No. 11 C 8881
                               )
Joliet Police Officer          )
Prochaska, et al.,             )
                               )
           Defendants.         )

                        MEMORANDUM ORDER

     Counsel for plaintiff Catherine Grimes ("Grimes") has filed a Complaint at Law against nearly 35 defendants -- 16 City of Joliet police officers, five Sergeant and one Detective in that police department, its Police Chief Fred Hayes, the City of Joliet itself, a half dozen members of the Will County Gang Suppression Unit, Will County Sheriff Paul J. Kaupas, the County of Will itself and two ATF-associated individuals -- that could well serve as a poster child for how <u>not</u> to comply with the Fed.R.Civ.P. ("Rule") 8(a)(2) mandate of a "<u>short and plain statement</u> of the claim showing that the pleader is entitled to relief." Grimes' attorney Chris Rouskey has managed to devote 75 pages to 35 counts of needlessly repetitive allegations, while any thoughtfully prepared pleading would have occupied only a small fraction of that space, carved up into many fewer counts.[1]

---

    [1] In the latter respect, attorney Rouskey should look at what Rule 10(b)'s last sentence describes as the proper function of different counts.

In part, what is particularly troubling about the excessively prolix Complaint -- which is hereby stricken sua sponte, albeit with leave to replead -- is not that its allegations reflect the more common cause of overly lengthy pleading (the use of fact pleading in accordance with state law practice, instead of the concept of notice pleading required in federal litigation), but rather that the allegations provide insufficient <u>notice</u> pleading despite the length of the Complaint. Attorney Rouskey's drafting conveys no idea (1) of the context in which the alleged excessive force (which would violate 42 U.S.C. § 1983 ("Section 1983")) took place or (2) just which of the defendants actually engaged in inflicting such excessive force and which of the defendants assertedly violated Section 1983 by their failure to intervene when other defendants did so.[2]

Although this memorandum order will not attempt a full-scale effort at teaching a course in federal pleading and practice, one other basic point bears mention. That has to do with the major tension (perhaps an understatement) between the principle exemplified by <u>Monell v. Dep't of Soc. Servs. of the City of New</u>

---

[2] Moreover, even a moment's thought would have led attorney Rouskey to group defendants who are in the same classification into a single paragraph, thus telescoping Complaint ¶¶ 4 through 37 into many fewer paragraphs. And the same principle of appropriate grouping would cut down dramatically on the constant repetition that now marks Counts I through XXIII, occupying some 37 pages, when a small fraction of that extended pagination would do the same job a good deal better.

York, 436 U.S. 658, 691 (1978), which confirms the nonexistence of respondeat superior liability for Section 1983 purposes, and the joinder as defendants of Police Chief Hayes (Count XXIV), the City of Joliet (Count XXV), Will County Sheriff Kaupas (Count XXXII), Will County (Count XXXIII) and ATF Acting Director B. Todd Jones (Count XXXV).

That effort by Grimes' counsel has glossed over (or perhaps more accurately, has ignored entirely) the fact that proximate cause must be shown where a Section 1983 defendant is charged with failure to train or failure to supervise. That requirement demands proof by Grimes that such failure has actually been a cause of the individual officers' imposition of excessive force or their failure to intervene in their encounter with her. This memorandum order expresses no view as to whether that calls for a "but for" showing[3] or some other standard of proof -- that remains for another day if those defendants are kept in the case -- but the present Complaint plainly falls short in that respect.

In any event, it is too early to address whatever potential substantive deficiencies the Complaint may contain.[4] Attorney

---

[3] Such a test would require Grimes to prove that the offending officers would not have subjected her to the harm she claims to have suffered if their superiors or supervisors or governmental entities had given the training that they assertedly failed to provide.

[4] As suggested in the text, no effort is made here to be exhaustive. When attorney Rouskey returns to the drawing board and generates a self-contained Amended Complaint, defendants are

3

Rouskey is granted until January 3, 2012 to file a self-contained Amended Complaint (including the delivery of a Judge's Copy to this Court's chambers), and a minute order has been issued contemporaneously with this memorandum order to set an initial status hearing date and to establish procedures to be followed before that hearing date.

                                  _____
                                  Milton I. Shadur
                                  Senior United States District Judge

Dated:    December 20, 2011.

---

of course entitled to target any aspect of that pleading that they consider flawed by bringing an appropriate motion or motions.